**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FELIPE MENDEZ-MEMBRENO, | No.    19-71374 |
| Petitioner, | Agency No. A208-675-530 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jose Felipe Mendez-Membreno, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We grant the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Mendez-Membreno suffered in El Salvador rose to the level of persecution. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1160-61 (9th Cir. 2002) (finding that petitioner established harm rising to the level of persecution where he received repeated death threats related to his political employment, was pursued and confronted by armed men, and several co-workers were killed); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (citation and internal quotation marks omitted)). Thus, we grant the petition for review as to Mendez-Membreno's asylum and withholding of removal claims and remand for the agency to apply the presumption of a well-founded fear of future persecution. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (concluding the record compelled the conclusion that petitioner suffered past persecution and remanding for the BIA to apply a presumption of future persecution and "to determine, in the first instance, whether

2

the government can rebut that presumption").

As to CAT, the agency erred by failing to address Mendez-Membreno's testimony that police refused to take a report when Mendez-Membreno went to file a complaint about the harm he experienced. *See Parada v. Sessions*, 902 F.3d 901, 915-16 (9th Cir. 2018) (remanding where "the agency erred by failing to consider all relevant evidence" as to CAT relief). The BIA also erred by relying on the IJ's finding that Mendez-Membreno failed to show that he could not internally relocate, where it appears the IJ only reached an internal relocation determination as to Mendez-Membreno's asylum and withholding of removal claims. *See Maldonado v. Lynch*, 786 F.3d 1155, 1163-64 (9th Cir. 2015) (remanding where the BIA denied CAT relief based on the IJ's determination that, as to asylum, the applicant failed to show that he could not relocate). Thus, we grant the petition for review as to Mendez-Membreno's CAT claim and remand for the agency to reconsider the claim in consideration of all evidence relevant to state action, including Mendez-Membreno's testimony that police refused to take his report. *See INS*, 537 U.S. at 16-18; *Parada*, 902 F.3d at 916 (remanding for the agency to consider all relevant evidence and apply the appropriate standard).

Mendez-Membreno's removal is stayed pending a decision by the BIA.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**

3